UNITED STATES DISTRICT COURT

MIDDLE DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | * * | CIVIL ACTION |
|     Plaintiff | * * | No. 09-990-JJB-SCR |
| Versus | * * | |
| PERKINS ROWE ASSOCIATES, LLC; JTS REALTY SERVICES, LLC; ECHELON CONSTRUCTION SERVICES, LLC; JOSEPH T. SPINOSA | * * * * | |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

Coleman Technologies, Inc. ("CTI"), Postlethwaite & Netterville, APAC ("P&N"), and P & N Technologies, LLC ("PNT") (CTI, P&N, and PNT are sometimes collectively referred to herein as "Movers"), through undersigned counsel, respectfully submit this memorandum in support of their motion for judgment on the pleadings in response to the third party demand ("Third Party Demand") of Perkins Rowe Associates, LLC, JTS Realty Services, LLC, Echelon Construction Services, LLC, and Joseph T. Spinosa (all of the foregoing third party plaintiffs are collectively referred to as "Perkins Rowe").

**I.      INTRODUCTION**

CTI, P&N, and PNT move this Court to dismiss, on substantive and procedural grounds, the claims made against them in the Third Party Demand. Perkins Rowe and its guarantors – the third party plaintiffs – have failed to allege facts sufficient to support their indemnity claim

against Movers. Moreover, should Perkins Rowe have an independent basis for seeking damages from Movers, any such claim would have to be brought in a separate action, and not by way of Rule 14.

The main demand presents a contract dispute between De Lage Landen Financial Services, Inc. ("DLL") and Perkins Rowe. DLL alleges that Perkins Rowe failed to pay money due under a Master Lease Agreement relating to the development of a security and communications system at a real estate project in Baton Rouge. Perkins Rowe acknowledges executing that contract but alleges a right to indemnity from CTI, P&N, and PNT, as well as other contractors who designed and installed the system. However, the Third Party Demand is devoid of facts that could support an indemnity claim against the Movers. There are only two types of indemnity under Louisiana law – contractual indemnity and tort indemnity. Perkins Rowe does not allege that CTI, P&N, or PNT ever agreed to indemnify it, and tort indemnity does not apply in this contract-based case. Accordingly, Perkins Rowe's "indemnity" claim must fail.

It is unclear from the pleadings whether Perkins Rowe intends to assert a claim against Movers above and beyond any sums it might contractually owe DLL. If Perkins Rowe intends to assert an independent claim against CTI, P&N, or PNT, however, any such claim would be procedurally improper. As a recent opinion from Judge Sarah Vance of the Eastern District of Louisiana explains, impleader of a third party defendant must fit the requirements of Rule 14. It is not enough for third party demand to be, in some way, factually related to the main demand. Instead, the third party plaintiff must attempt to "pass on" to the third party all or part of the liability asserted against it. (Clearly, Movers have no liability to Perkins Rowe for any sum it owes under contract to DLL.) As a result, any independent claim that Perkins Rowe might wish

to assert against Movers would have to be the subject of a new complaint. Beyond that, the allegations in the Third Party Demand are conclusory and do not pass muster under the controlling *Twombly* and *Iqbal* cases. Nowhere does Perkins Rowe allege, other than in conclusory and non-specific terms, what CTI, P&N, or PNT allegedly did wrong.

## II.   BACKGROUND

For purposes of this motion only, Movers accept the factual allegations of Perkins Rowe's Third Party Demand, but not its legal conclusions, which are properly disregarded.

In the context of this motion, the following allegations of the Third Party Demand are relevant. Perkins Rowe entered into a Master Lease Agreement with Cisco; that agreement was later assigned to DLL.[1] Cisco selected CTI, P&N, or PNT and other contractors to install the equipment that was the subject of their agreement.[2] Cisco knew or should have known that the contractors would be unable "to timely execute the contracts with Perkins Rowe[,] and Defendants [Perkins Rowe and its guarantors] relied upon Cisco's representations and assurances as to the capability of the [c]ontractors to execute the agreements between Perkins Rowe and [c]ontractors."[3] Later, the contractors allegedly "breached and defaulted upon their obligations to Perkins Rowe by failure to timely complete their obligations and by failure to install functioning equipment."[4]

Cisco approached Perkins Rowe about payments allegedly due under the Master Lease Agreement. At the same time, Cisco told the contractors to stop working on the Perkins Rowe

---

[1] Perkins Rowe's Affirmative Defenses, Answer, Counterclaim, and Third Party Demand, at ¶ IX.
[2] *Id*. at ¶ VIII.
[3] *Id*. at ¶ X.
[4] *Id*. at ¶ XIII.
[5] *Id*. at ¶ XIII.
[6] *Id*. at ¶ XVII.
[7] *Id*.
[8] *See, e.g., Pittle,* 2010 WL 3184226 at *3 ("Plaintiffs merely make a general assertion that Defendants entered into

3

project.[5]  Cisco then demanded that Perkins Rowe pay what it owed under the Master Lease Agreement, to no avail.  Litigation followed.

According to Perkins Rowe, it became "involved in this litigation" because of "the foregoing actions of the third party defendants."[6]  Perkins Rowe seeks "indemnification and reimbursement from third party defendants [including CTI, P&N, and PNT] of any amounts awarded [DLL] in the main demand plus all costs and fees, including reasonable attorneys' fees, arising from this case, in addition to the damages, costs, interest, and attorneys fees incurred by Defendants in amounts to be proven at trial hereof."[7]  No legal theory, however, supports Perkins Rowe's claims for indemnity and reimbursement.

### III.   LAW AND ARGUMENT

#### A.   Standards governing the motion

The standards governing a Rule 12(c) motion for judgment on the pleadings are the same as those applicable to a Rule 12(b)(6) motion.  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).  In reviewing the complaint, the court should accept as true any well-pleaded facts, but should not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).  In order to avoid dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007).  The Third Party Demand should be judged by the pleading standards articulated by the Supreme Court in *Twombly* and *Ashcroft v. Iqbal,* ___U.S.___, 129 S.Ct. 1937 (2009).

The Court in *Twombly* established a "two-pronged approach" to determine whether a complaint states a plausible claim for relief.  *Iqbal*, ___U.S.___, 129 S.Ct. at 1950.  First, courts

---

[5]  *Id*. at ¶ XIII.
[6]  *Id*. at ¶ XVII.
[7]  *Id*.

4

must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Legal conclusions must be supported by factual allegations. *Id*. Upon identifying any well-pleaded factual allegations, courts should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. To determine whether the Third Party Demand meets this test, the Court must "draw on its judicial experience and common sense." *Id.*; *see also Pittle v. McGlynn*, 2010 WL 3184226 (M.D. La. Aug. 11, 2010) (Hon. James J. Brady).

### B. Perkins Rowe Has Not Properly Alleged, and Cannot Prove, that Movers are Liable to it for Indemnity.

#### 1. Perkins Rowe is Not Entitled to Contractual or Tort Indemnity.

In the Third Party Demand, Perkins Rowe seeks indemnity from CTI, P&N, and PNT for any amounts that it must pay to DLL under the Master Lease Agreement. Under Louisiana law, there are two types of indemnity: contractual indemnity and tort indemnity. *Nassif v. Sunrise Homes, Inc.*, 739 So. 2d 183 (La.1999). Perkins Rowe cannot establish a claim for either.

The allegations of the Third Party Demand are insufficient to demonstrate a claim for contractual indemnity against the Movers. Louisiana law, of course, permits a party to agree to indemnify another if certain contingencies occur. *See, e.g.*, *Carter Logging, LLC v. Flynn*, 7 So. 3d 195, 200 (La. App. 2d Cir. 2009). Here, however, Perkins Rowe does not allege that it entered into any agreement with CTI, P&N, or PNT that provides for that right. Indeed, there is no indemnity agreement between Perkins Rowe and any one of the Movers. Accordingly, Perkins Rowe has failed to state a claim against Movers for contractual indemnity.

5

The Third Party Demand also fails to allege a claim for tort indemnity, another means of shifting loss under Louisiana law. *Diggs v. Hood*, 772 F.2d 190, 193 (5th Cir. 1985). Tort indemnity is available only when a person held liable for a tort committed by another person seeks to shift the loss to the culpable person:

> A solidary debtor who pays a debt that "concern[s] only" a co-debtor is, therefore, entitled to indemnity from the debtor in whose behalf the debtor owes. Thus a person who is held liable vicariously or passively for the tort of another is due indemnity from the culpable tortfeasor. One who is himself at fault, however, is not due indemnity because liability for indemnity exists only when a party seeking indemnity becomes the indemnitee, is free of fault and has discharged a debt that should be paid wholly by the indemnitor. The Louisiana Supreme Court has summed up the principle this way: Indemnity shifts the entire loss from a tortfeasor only technically or constructively at fault to the person primarily responsible, while contribution apportions the loss among those jointly responsible….

*Diggs*, 772 F.2d at 193.

Tort indemnity arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and exists only against one who, because of his act, has caused such constructive liability to be imposed. *Hamway v. Braud*, 838 So. 2d 803 (La. App. 1 Cir. 2002). To recover under a theory of tort indemnity, Perkins Rowe must have been free from fault, as tort indemnity arises only when the party seeking indemnity bears no fault in producing liability. *Paragon Lofts Condominium Owners Ass'n, Inc. v. Paragon Lofts, LLC*, 32 So. 2d 303 (La. App. 4 Cir. 2010).

Tort indemnity does not apply here for the simple reason that DLL has asserted a *breach-of-contract claim* against Perkins Rowe. If DLL prevails in the main demand, it will prevail because the Court has determined that the Master Lease Agreement obligates Perkins Rowe to pay DLL. If, on the other hand, Perkins Rowe presents a valid defense to DLL's contract claim,

it will then defeat the main demand. DLL's claim presents no risk of tort liability against Perkins Rowe, and for that reason, Perkins Rowe has no possibility of shifting that tort liability to Movers on the theory that Movers were at fault.

### 2. The Allegations of the Third Party Demand are Deficient as a Matter of Law.

Yet even assuming that Perkins Rowe could establish that it was entitled to either contractual or tort indemnity, the conclusory nature of its pleadings would still compel dismissal. As the *Twombly* Court instructed, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is not sufficient to withstand an attack under Rule 12(b)(6) or Rule 12(c). *Iqbal* ___U.S. at ___, 129 S.Ct. 1937, 1949, quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966. To avoid dismissal, the complaint must allege more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009), citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

The allegations against the Movers in the Third Party Demand do not meet the pleading standards now required by *Twombly* and *Iqbal*. Perkins Rowe sets forth only conclusory allegations that CTI, P&N, and PNT breached alleged obligations to it, without providing any factual detail as support. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Iqbal* ___U.S. at ___, 129 S.Ct. 1937, 1950. The sparse allegations set forth in the Third Party Demand are insufficient to show that Perkins Rowe has any "plausible" right to relief against CTI, P&N, or PNT.[8] For this reason, as well, the claims asserted against the Movers in the Third Party Demand should be dismissed.

---

[8] *See, e.g., Pittle,* 2010 WL 3184226 at *3 ("Plaintiffs merely make a general assertion that Defendants entered into an agreement without an intention to fulfill their role. Thus, Plaintiffs' allegations fail to set forth a factual basis that fulfulls the requirements to establish fraud").

7

C.   **Claims Other Than Indemnity Are Procedurally Improper Under Rule 14.**

It is possible that, above and beyond its unfounded indemnity claim, Perkins Rowe wishes to assert an independent claim for damages against CTI, P&N, and PNT. The allegations in the Third Party Demand, however, omit basic factual details and are therefore deficient on that ground. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, to avoid dismissal, the factual allegations must be enough to raise a right to relief above a speculative level. To the extent that Perkins Rowe intends to assert an independent damage claim against CTI, P&N, and PNT, the Third Party Demand also fails. As noted above, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570, 127 S.Ct. at 1966. That is, the plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff is entitled to relief based upon the context of the case and the court's "judicial experience and common sense." *Iqbal*, __ U.S. at __, 129 S.Ct. at 1949-50. Perkins Rowe fails to articulate a separate and independent claim for damages against any one of the Movers.

Moreover, the Third Party Demand, to the extent that it attempts to establish liability that is not derivative of the main claim, is procedurally defective. Rule 14 governs third party practice. The Rule does not permit a defendant to assert separate and independent claims against third parties – even claims that might have a factual or legal relationship to the main demand. *United States ex. rel. Branch Consultants, LLC v. Allstate Insurance Co.*, 265 F.R.D. 266, 272-73 (E.D. La. 2010) (Hon. Sarah S. Vance). As Judge Vance explained, Rule 14 limits third

party demands to claims in which the defendant attempts to "pass on" liability to a third party for all or part of the main demand:

> Liability of a third party must be "dependent" or "in some way derivative" of the outcome of the main claim. *See United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 750-52 (5th Cir. 1967); see also [*S.E. Mortgage Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975)]; *Sunrise Dev. Inc. v. Carl E. Woodward, Inc.*, No. 03-2273, 2004 WL574719 at *2 (E.D. La. Mar. 22, 2004). Put another way, the third party defendant "must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery, or that the defendant must attempt to *pass on* to the third party all or part of the liability asserted against the defendant." *Joe Grasso*, 380 F.2d at 751 (emphasis in original) [and internal citations omitted]. This liability includes claims for indemnity, contribution, and subrogation.…
>
> **Impleader of a third party defendant must fit these requirements of Rule 14. It is not enough that the suit between [the defendant] and the third party defendants would somehow be related to the suit between [the plaintiff] and [the defendant].** This is because "an entirely separate and independent claim cannot be maintained against a third party under Rule 14, event though it does arise out of the same general set of facts as the main claim." [Citing *Mullins*, 514 F.2d at 747 (internal citations omitted)].

*Branch Consultants, LLC*, 265 F.R.D. at 272-73 (emphasis added in part).

As applied here, the jurisprudence shows that Perkins Rowe has no plausible indemnity claim against CTI, P&N, or PNT. Further, to the extent that Perkins Rowe intends to assert an independent claim for damages in the Third Party Demand, such claims are procedurally defective under with Rule 14.

## IV.  CONCLUSION

The bare-bones allegations in the Third Party Demand fail to state a claim against CTI, P&N, or PNT for contractual or tort-based indemnity. To the extent that Perkins Rowe wishes to assert an independent or stand-alone claim for damages against CTI P&N, or PNT, that claim

9

falls outside the scope of Rule 14 and is deficient under *Twombly* and *Iqbal*. For these reasons, the Court should dismiss Perkins Rowe's Third Party Demand against CTI P&N and PNT with prejudice.

Respectfully submitted,

 /s/  Thomas M. Flanagan
Thomas M. Flanagan (Bar #19569)
Stephen M. Pesce (Bar #29380)
Brandon C. Briscoe (Bar #29542)
**FLANAGAN PARTNERS LLP**
201 St. Charles Avenue, Suite 2405
New Orleans, Louisiana 70170
Telephone:  504-569-0235
Facsimile:  504-592-0251
**Attorneys for Coleman Technologies, Inc.**

- and -

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)
P.O. Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: 225/383-4703
Facsimile:  225/343-0630

By:  /s/ David S. Rubin
David S. Rubin, Esq. (No. 11525)
Randal J. Robert, Esq. (No. 21840)
Julie Moffett McCall, Esq. (No. 29992)
**Attorneys for Postlethwaite & Netterville, APAC and P&N Technologies, LLC**

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing memorandum in support of motion for judgment on the pleadings was served upon opposing counsel of record this 27th day of September 2010, by e-filing same into the CM/ECF system, which will automatically deliver a copy of same to all counsel.

               /s/ Thomas M. Flanagan