UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DE LAGE LANDEN FINANCIAL
SERVICES, INC.

VERSUS

PERKINS ROWE ASSOCIATES,
INC., ET AL

CIVIL ACTION

NO. 09-990-JJB-SCR

**RULING ON THIRD-PARTY DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS**

This matter is before the court on Third-Party Defendants' Motions for Judgment on the Pleadings (docs. 70 & 73).  Third-Party Plaintiffs have filed a motion in opposition (doc. 75), to which Third-Party Defendants have filed replies (docs. 76 & 77).  This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332.

On September 10, 2010, Third-Party Plaintiffs Perkins Rowe Associates, LLC ("Perkins"), JTS Realty Services, LLC ("JTS"), Echelon Construction Services, LLC ("Echelon"), and Joseph T. Spinosa ("Spinosa") filed a third-party demand against Third-Party Defendants Cisco Systems, Inc. ("Cisco Systems"), Cisco Systems Capital Corporation ("Cisco Capital"), P & N Technologies, LLC ("PNT"), Postlethwaite & Netterville, APAC ("Postlethwaite"), Coleman Technologies, Inc., ("Coleman"), and The Palermo Group, LLC ("Palermo") (doc. 62).

Third-Party Plaintiffs allege that (1) Cisco Systems and/or Cisco Capital (collectively "Cisco") agreed to provide Perkins with security and communications

1

equipment for a real estate project, and thereafter entered into a Master Lease Agreement with Third-Party Plaintiffs; (2) unbeknownst to Third-Party Plaintiffs, Cisco then assigned the Master Lease Agreement to DLL; (3) Cisco then selected PNT, Postlethwaite, Coleman, and Palermo (collectively "the Contractors") to install the equipment, despite that it knew or should have known that the Contractors could not timely complete the installation; (4) the Contractors failed to install functioning equipment by the deadlines set in the applicable contracts; (5) Cisco then began negotiating with Third-Party Plaintiffs over the terms of the Master Lease Agreement and instructed the Contractors to cease working; (6) during negotiations, DLL—who had been assigned Cisco's interest in the Master Lease Agreement—demanded full payment from Third-Party Plaintiffs and later filed suit when Third-Party Plaintiffs failed to do so (doc. 62).

Third-Party Plaintiffs assert that Third-Party Defendants' "delay in performance . . . hindered [their] ability to make sales and attract tenants to its property" and "contributed to [their] inability to make payments" (doc. 75, p. 8). Moreover, Third-Party Plaintiffs assert that Cisco failed to perform its obligations under the contract in good faith by (1) conducting negotiations over the terms of the Master Lease Agreement even though it had already assigned its rights under the agreement to DLL and (2) informing Contractors to cease performing work after negotiations had begun (doc. 75, p. 6). Third-Party Plaintiffs seek "indemnification and reimbursement from third party defendants of any amounts awarded in the main demand, plus all costs and fees, including reasonable

2

attorney's fees arising from this case, in addition to the damages, costs, interest and attorney's fees incurred by Defendants in amounts to be proven at trial thereof" (doc. 62).

On September 27, 2010, PNT, Postlethwaite and Coleman filed their Motion for Judgment on the Pleadings (doc. 70). On October 8, 2010, Third-Party Defendant Cisco Systems filed its Motion for Judgment on the Pleadings in which it asserted the same arguments as those contained in its co-Third-Party Defendants' motion (doc. 73). Third-Party Defendants assert that (1) they did not contractually agree to indemnify Third-Party Plaintiffs and that implied indemnity is not applicable because the dispute arises from an alleged breach of contract; (2) Third-Party Plaintiffs failed to plead facts sufficient to satisfy *Twombly's* "plausible claim for relief" standard; and (3) Third-Party Plaintiffs' claim that Third-Party Defendants' failure to timely perform hindered their "ability to make sales and attract tenants to its property" must be asserted in a new complaint rather than as a third-party demand (doc. 70).

On October 15, 2010, Third-Party Plaintiffs filed their motion in opposition (doc. 75). They assert that (1) implied indemnity is not explicitly limited to torts and is applicable here; (2) their third-party demand contains adequate factual allegations to comply with *Twombly*; and (3) their claims arising from Third-Party Defendants' untimely performance are appropriate for a third-party demand (doc. 75).

On October 29, 2010, Coleman, Postlethwaite, and PNT filed their reply memorandum (doc. 76) in which they reasserted that (1) implied indemnity does not apply to Third-Party Plaintiffs' claims and (2) Third-Party Plaintiffs' claims are not appropriately asserted in a third-party demand. On October 29, 2010, Cisco Systems filed its reply in which it reiterated its co-Third-Party Defendants' arguments, and asserted that it was never a party to the Master Lease Agreement (doc. 77).

To avoid dismissal under Federal Rule of Civil Procedure 12(c), the plaintiff must plead "enough facts to state claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). When reviewing a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the court must (1) accept as true all of plaintiff's well-pleaded facts and disregard conclusory allegations or legal conclusions; and (2) determine whether plaintiff's well-pleaded facts give rise to a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, ___ U.S. ___,129 S. Ct. 1937, 1949-50 (2009). *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). In doing so, the court must "draw on its judicial experience and common sense." *Id.*

**I. INDEMNIFICATION**

Third-Party Plaintiffs allege that they are entitled to indemnification because Third-Party Defendants failure to timely complete their obligations hindered Third Party Plaintiffs' ability to attract tenants and make sales and

4

ultimately prevented Third-Party Plaintiffs from making payments to Plaintiff DLL (docs 62 and 75, p. 8).

Third-Party Defendants allege that Third-Party Plaintiffs are not entitled to indemnification because (1) Third-Party Defendants never expressly agreed to indemnify Third-Party Plaintiffs and (2) implied indemnification is only applicable for tort—and not breach of contract—claims (docs. 70 & 73).  Cisco Systems also argues that it cannot be obligated to indemnify Third-Party Plaintiffs because it was not a party to the Master Lease Agreement (doc. 77).

The basis for indemnity in the civil law is restitution—an individual who discharges another's liability is entitled to repayment.  *Diggs v. Hood*, 772 F.2d 190, 193 (5th Cir. 1985); *Reggio v. E.T.I.*, 15 So. 3d 951, 955 (La. 2008) ("Indemnity . . . may lie when one party discharges a liability which another rightfully should have assumed; . . . if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss."). Under Louisiana law there are two types of indemnity—contractual and implied. *See Nassif v. Sunrise Homes, Inc.*, 739 So. 2d 183, 185 (La. 1999).  That is, a party may be required to indemnify another if (1) the parties contractually agree to do so, *Carter Logging, LLC v. Flynn*, 7 So. 3d 195, 200 (La. Ct. App. 2d Cir. 2009), or (2) the party engaged in conduct for which another, fault-free party is held constructively or derivatively liable.  *Diggs*, 772 F.2d at 193.  To that end, a court may imply an obligation on one party to indemnify another if the party's

5

conduct *caused* constructive or derivative liability to be imposed against the other. *Hamway v. Braud*, 838 So. 2d 803, 806 (La. Ct. App. 1st Cir. 2002) (emphasis added). *See, e.g., Nassif v. Sunrise Homes, Inc.*, 739 So. 2d 183 (La. 1999) (implying an obligation upon a subcontractor to indemnify its contractor when the subcontractor's negligent construction caused the plaintiff's injuries for which the contractor was found liable); *Bewley v. Furniture Co. v. Maryland Cas. Co.*, 285 So. 2d 216 (La. 1973) (same).

The Court finds that there was no express indemnity agreement between Third-Party Plaintiffs and Third-Party Defendants (doc. 62). The Court also finds that implied indemnification is inapplicable. Third-Party Plaintiffs entered into a Master Lease Agreement with Cisco under which Cisco agreed to equip Third-Party Plaintiffs' real estate project and Third-Party Plaintiffs agreed to pay Cisco for its efforts (doc. 62). Cisco thereafter assigned its right to receive payments from Third-Party Plaintiffs to Plaintiff, who thereafter brought suit against Third-Party Plaintiffs for not making the required payments (doc. 62). Simply put, Third-Party Plaintiffs' obligation to make payments to Plaintiff derive from its entry into the Master Lease Agreement and not the conduct of the Third-Party Defendants—whether it be failing to complete performance in a timely manner or failing to perform in good faith. Though Third-Party Defendants conduct may have complicated Third-Party Plaintiffs' obligation to make the required payments, Third-Party Defendants conduct did not *cause* the obligation, and so

Third-Party Plaintiffs are not entitled to indemnification. *Reggio*, 15 So. 3d at 955.

Therefore, the Court will GRANT Third-Party Defendants' Motions for Judgment on the Pleadings (docs. 70 & 73).

## II. ALTERNATE THEORIES OF RECOVERY

Third-Party Plaintiffs assert that their claims against Third-Party Defendants for failure to timely complete performance and failure to perform the contract in good faith are appropriately brought as third-party demands under Federal Rule of Civil Procedure 14 (doc. 75, p. 8). Third-Party Plaintiffs claim that Third-Party Defendants' conduct prevented Third-Party Plaintiffs from attracting tenants thereby preventing Third-Party Plaintiffs from making the required payments to Plaintiff (doc. 75, p. 6).

Third-Party Defendants assert that (1) Third-Party Plaintiffs' claims are essentially for lost revenues arising out of Third-Party Defendants' failure to timely complete performance and are not appropriate for a third-party demand and (2) even if Third-Party Plaintiffs are permitted to bring these claims, they have failed to make sufficient factual allegations (doc. 70 & 73).

Under Federal Rule of Civil Procedure 14 ("Rule 14"), a defendant may serve a complaint on a nonparty "who is or may be liable to [the defendant] for all or part of [the plaintiff's] claim against it." To qualify as a valid third-party demand under Rule 14, the third-party plaintiff's claim must assert that the third-party defendant is "liable over to the defendant for all or part of plaintiff's recovery," and

7

the third-party defendant's liability must be derivative of—that is, dependent upon—the outcome of the main claim. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751-52 (5th Cir. 1967). However, a defendant may not bring, as a third-party demand, a separate and independent claim against the third-party defendant despite that the claim is factually or legally related to the main demand. *Id.*

The Court finds that Third-Party Plaintiff's claims are independent and are not appropriately asserted in a third-party demand.  Third-Party Plaintiffs essentially assert that Third-Party Defendants conduct—in failing to timely perform their contractual obligations or engaging in negotiations or ceasing construction in bad faith—deprived Third-Party Plaintiffs of the opportunity to make sales and attract tenants (doc. 75, p. 6).  This claim is separate and not dependent upon the outcome of Plaintiff's suit against Third-Party Plaintiffs for failure to make payments under the Master Lease Agreement: regardless of whether Plaintiff prevails in its suit against Third-Party Plaintiffs, Third-Party Plaintiffs will still be permitted to bring suit against Third-Party Defendants for lost revenues.

Therefore, the Court will GRANT Third-Party Defendants' Motions for Judgment on the Pleadings (docs. 70 & 73).

**Conclusion**

Accordingly, because Third-Party Defendants are not liable, as a matter of law, to Third-Party Plaintiffs for all or part of Plaintiff's potential recovery, the Court GRANTS Third-Party Defendants P & N Technologies, LLC; Postlethwaite & Netterville, APAC; and Coleman Technologies, Inc.'s Motion for Judgment on the Pleadings (doc. 70).  For the same reasons, the Court GRANTS Third-Party Defendant Cisco Systems, Inc.'s Motion for Judgment on the Pleadings (doc. 73).

Signed in Baton Rouge, Louisiana, on this 16th day of November, 2010.

*[signature]*

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**