UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DE LAGE LANDEN FINANCIAL
SERVICES, INC.

VERSUS

PERKINS ROWE ASSOCIATES,
INC., ET AL

CIVIL ACTION

NO. 09-990-JJB-SCR

## RULING ON THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Third-Party Defendant Cisco Systems Capital Corporation's ("Cisco Capital") Motion (doc. 96) for Summary Judgment. Third-Party Plaintiffs Perkins Rowe Associates, L.L.C., JTS Realty Services, L.L.C., Echelon Construction Services, L.L.C., and Joseph T. Spinosa (collectively "Perkins Rowe") failed to file an opposition. There is no need for oral argument. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated here in the Court GRANTS Cisco Capital's motion (doc. 96).

### Background

This case arises out of Perkins Rowe's failure to pay Plaintiff De Lage Landen Financial Services, Inc. ("DLL") for an integrated security and informational s ystem which DLL inst alled and leased to Perkins Rowe. On October 3, 2007, Cisco Capital entered into a Master Lease Agreement ("the Agreement") with Perkins Rowe (doc. 96, ex. A). Under the Agreement, Cisco Capital agreed to install and lease to Perkins Rowe software and equipment

1

necessary for Perkins Rowe to centrally-control the security, lighting, music, etc., for the development which it was constructing (*Id.*). On or about December 11, 2007, Cisco Capital assigned its rights under the Agreement to DLL (doc. 88, ex. B). Thereafter, Perkins Rowe failed to make over $1.5 million in lease payments to DLL in violation of the Agreement.

On November 19, 2009, DLL filed suit against Perkins Rowe to recover the lease payments (doc. 1). On November 19, 2009, Perkins Rowe filed a Third-Party Complaint (doc. 1) against various parties, including Cisco Capital, alleging that the parties' conduct caused its default. Perkins Rowe asserts that Cisco Capital (1) selected contractors whom it knew could not timely install the equipment; (2) improperly notified the contractors to cease performing installations; and (3) did not notify Perkins Rowe that it had assigned its rights under the Agreement to DLL (doc. 96).

On March 14, 2011, Cisco Capital filed its Motion (doc. 96) for Summary Judgment. Cisco Capital asserts that Perkins Rowe's claim is foreclosed by the terms of the Agreement. Perkins Rowe failed to file an opposition.

## Standard of Review

A motion for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). If the issue is one on which the nonmovant bears the burden of proof at trial, the

moving party satisfies its burden by pointing out that there is insufficient proof concerning an essential element of the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In considering a motion for summary judgment in a contractual dispute, "the interpretation of an unambiguous contract is a matter of law," and a district court may properly grant summary judgment if a contract is unambiguous. *S. Natural Gas Co. v. Pursue Energy*, 781 F.2d 1079, 1081 (1986).

## Discussion

### I. Cisco Capital's selection of contractors

Cisco Capital asserts that the Agreement prevents Perkins Rowe from sustaining a claim arising out of Cisco Capital's selection of contractors (doc. 96).

Under Louisiana law, the terms set by the parties to a contract forms the law governing their dispute. *U.S. v. Warren Bros. Co.*, 365 F. Supp. 528, 530 (1973). As such, courts are bound to give legal effect to agreements according to the parties' intent, which is to be determined by the words of the contract when the words are clear and explicit and lead to no absurd consequences. *Id.*

The Court finds that there are no genuine issues of material fact. The Agreement contains the following provisions: (1) "Lessee's obligation to pay all lease payments shall be absolute, unconditional and is not subject to any abatement, set-off, defense or counter-claim for any reason whatsoever" (doc. 96, ex. A, § 2); (2) "Lessee has made the selection of [the] equipment, software and support services based upon its own judgment and expressly disclaims any

3

reliance on statements made by Lessor" (doc. 96, ex. A, § 4); (3) "If a System is not properly installed . . . Lessee shall make any claim on account thereof solely against the applicable Supplier(s) . . . and shall not set up against Lessee's obligations any such claims as a defense, counterclaim, set-off or otherwise" (*Id.*); and (4) "Regardless of cause, Lessee will not assert any claim whatsoever against Lessor for loss of anticipatory profits or any other indirect special or consequential damages" (*Id.*).

The Court also finds that Cisco Capital is entitled to Judgment as a matter of law. Under Louisiana law, the terms of the parties' contract form the law governing their dispute. *Warren Bros.*, 365 F. Supp. at 530 (1973). Here, the Agreement contains at least four provisions which foreclose Perkins Rowe's claim against Cisco Capital (*see* doc. 96, ex. A, §§ 2, 4).

## II. Cisco C apital's instruction to contractors to cease work

Cisco Capital asserts that the Agreement expressly entitled it to notify contractors to cease work in the event that Perkins Rowe defaulted (doc. 96).

The Court finds that there are no genuine issues of material fact. The Agreement states that "[u]pon the occurrence of any Event of Default, Lessor may . . . terminate or cause the termination of . . . any or all Support or other services provided under or in connection with the Software or Equipment . . . and may terminate the Lessee's right to use any or all of the Software, Equipment, and/or Support" (doc. 96, ex. A, § 14). According to the Agreement, an "Event of Default" occurs when the Lessee "fails to make any Lease Payment, or any other

4

payment, as it becomes due and such failure is not cured within 10 days" (*Id.*, § 13). In fact, Perkins Rowe failed to make required lease payments and failed to cure its failures within ten days (*Id.*).

The Court also finds that Cisco Capital is entitled to judgment as a matter of law. Under Louisiana law, the terms of the parties' contract form the law governing their dispute. *Warren Bros.*, 365 F. Supp. at 530 (1973). Under the Agreement, Cisco Capital was entitled to terminate any and all obligations to Perkins Rowe in the event that Perkins Rowe defaulted and failed to cure its default within ten days (doc. 96, ex. A, § 14). Under the agreement, Perkins Rowe's failure to make lease payments and failure to cure within ten days constitutes a default which entitled Cisco Capital to terminate its obligations to Perkins Rowe (doc. 96, ex. A, § 13).

### III. Cisco Capital's failure to inform Perkins Rowe of its assignment to DLL

Cisco Capital asserts that it had no obligation to notify Perkins Rowe that it had assigned its rights under the Agreement to DLL (doc. 96).

The Court finds that there are no genuine issues of material fact. The agreement states:

> Lessor may at any time assign to any person or entity ("Assignee") all or part of any interest in this Agreement or any Lease . . . and Lessor may grant security interests in such system, subject to Lessee's rights therein. In such events, all the provisions of this Agreement or any lease hereunder for the benefit of Lessor shall inure to the benefit of Assignee. . . . The rights of Assignee to the payment of the assigned Lease

5

> Payments and other Lease payments . . . shall not be subject to any defense, counterclaim, or set-off which Lessee may have or assert against Lessor and Lessee hereby agrees that it will not assert any such defenses, set-offs, counterclaims and claims against the Assignee.

(doc. 96, ex. A, § 7).

The Court also finds that Cisco Capital is entitled to Judgment as a matter of law. Under Louisiana law, the terms of the parties' contract form the law governing their dispute. *Warren Bros.*, 365 F. Supp. at 530 (1973). Nowhere does the Agreement require that Cisco Capital notify Perkins Rowe of an assignment. Moreover, under the Agreement, "the rights of the Assignee [DLL] to the payment of the assigned Lease Payments and other lease Payments . . . shall not be subject to any defense, counterclaim, or set-off which Lessee may have or assert against Lessor" (doc. 96, ex. A, § 7).

## Conclusion

Accordingly, the Court hereby GRANTS Third-Party Defendant Cisco Systems Capital Corporation's Motion (doc. 96) for Summary Judgment.

Signed in Baton Rouge, Louisiana, on this 18th day of April, 2011.

HONORABLE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA